(Daniel Lemon *v.* John Bishop.)

wife was unwell; his daughter said he was at Weirichstown, about four miles from home; he did not see *Bishop*, after the notice was served, until after the deposition was taken; he did not call in the evening to see if *Bishop* got the notice. They live in the same town, about two squares from each other; he, the plaintiff, left town the next morning, and did not return until after the deposition had been taken.

The court did not deem the notice sufficient, and overruled the evidence. The rule of court on the subject did not provide for the kind of service of notice which was necessary.

*Merrill*, for plaintiff in error, cited *Bauman & wife* v. *Zinn, et al.* 3, *Yeates*, 157. *Bujac* v. *Morgan*, 3 *Yeates*, 258.

*Lashells*, contra, cited *Voris* v. *Smith* 13, *Serg. & Rawle*, 334.

Judgment affirmed.

---

ABEL WHITE *against* MARY WEEKS.

Where no consideration is expressed in a deed of bargain and sale, parol evidence may be given to show that a consideration did pass from the grantee to the grantor.

WRIT of error to the Common Pleas of Lycoming county.

This was an action of ejectment brought by *Mary Weeks*, the defendant in error, against *Abel White*.

The plaintiff, in order to make out her title to the land in controversy, offered in evidence a deed of which the following is a copy, together with parol evidence of the consideration thereof.

"I do hereby sell, assign, transfer and set over unto *Mary Weeks*, any piece, tract or parcel of land which may be found to belong to me, as part of my purchase of the estate of *Jesse Weeks*, deceased; provided nevertheless, that this grant shall not be taken or construed in any manner to interfere with *Samuel M'Lees*, or to include any land granted, or intended to be granted in my deed, dated 30th July, 1825, to said *Samuel M'Lees*.

" Witness my hand and seal, January 14th, 1826.

" *Elijah Babbitt*," [SEAL.]

This evidence was objected to by the defendant, the objection was overruled by the court, and exception taken.

*Campbell*, for plaintiff in error.

No particular set of words are necessary to constitute a deed of bargain and sale. 1 *Wils. Bac. Ab.* 468. *Jackson* v. *Alexander*, 3 *Johns. Rep.* 484. To the validity of such a deed a valuable consideration is essential. 1 *Wils. Bac. Ab.* 469. *Jackson* v. *Sebring*,

(Abel White *v.* Mary Weeks.)

16 *Johns. Rep.* 515. And that consideration must be expressed in the body of the deed; no parol evidence can be given thereof, unless it be contained in the deed, that a consideration did pass, then only can it be proved by parol what that consideration was. *Moore* v. *Bieham,* 4 *Bin.* 1. *Peake's Ev.* 121. *Mildmay's Case,* 1 *Coke's Rep.* 176. 1 *Phil. Ev.* 495. *Sears* v. *Brink,* 3 *Johns. Rep.* 211. 1 *Phil. Ev.* 501–2. 3 *Stark. Ev.* 995–7.

The statute of frauds and perjuries would be violated, in its spirit, by the admission of parol evidence to make this a good deed. If the consideration can be supplied by parol, so may also any other material part. The quality of the estate granted may be made out by parol, or the quantity of the land increased or diminished. The practice of expressing the consideration in the deed is almost universal, hence is a strong proof of its necessity.

*Anthony,* for defendant in error.

A deed under seal imports a consideration, whether expressed or not. *Robts. on Fraud. Con.* 119; but if it is not expressed, it may be proved by parol. 11 *Coke's Rep.* 24–5. *Jackson* v. *Fish,* 10 *Johns. Rep.* 456. *Hartley* v. *M'Anulty,* 4 *Yeates,* 95. 3 *Stark. Ev.* 1004. *Devenport* v. *Mason,* 15 *Mass.* 92. 1 *Phil. Ev.* 481-2. *Langley* v. *Brown,* 2 *Atks.* 202.

In *Moore* v. *Bieham,* 4 *Bin.* 1, this question is not raised, much less decided, for in that case the parol evidence was not offered.

If the deed was defective for want of an expressed consideration, the defendant could not take advantage of it.

Judgment affirmed.

------

## GEORGE HONNITER *against* JAMES BROWN.

A judgment was rendered by a justice of the peace for the plaintiff, the defendant appealed to the Common Pleas, he afterwards appealed from an award of arbitrators against him, and paid the costs. Upon a trial of the cause by a jury, the defendant gave evidence which had not been given to the justice nor to the arbitrators, and a general verdict was rendered in his favour. *Held:* That he was entitled to recover from the plaintiff the costs which he had paid upon the appeal.

ERROR to the Common Pleas of Lycoming county.

This suit, in which *James Brown,* the defendant in error, was plaintiff below, and *George Honniter* was defendant, originated before a justice of the peace, who rendered a judgment in favour of the plaintiff for eighty dollars, from which the defendant appealed to the Common Pleas, where the cause was referred under the compulsory arbitration law; the arbitrators made a report in favour of the plaintiff for ninety dollars. From this award the