LARSON & SANDERS *vs.* WYMAN.

All collateral promises for the debt, default or miscarriage of others must be *in writing expressing the consideration.*

Where an individual urged the completion of a job of work previously undertaken, promising to be responsible for the work done, *it was held* that the promise was *collateral*, and not being *in writing* could not be enforced by action.

MOTION to set aside report of referees. This was an action of *assumpsit* for work and labor and materials found in repairing a canal boat. *Wyman*, the defendant, sold the boat to one *Rector*, who employed the plaintiffs (boat builders) to repair the same. According to the plaintiffs' witnesses, a *few days after the repairs had been commenced*, Wyman told the plaintiffs that he wanted the boat done as soon as possible, and he would be responsible for the pay. Wyman gave Rector a letter of credit on one M'Collum, requesting him to accept Rector's orders in favor of the plaintiffs to the amount of $200. The agreement for the repairs was made about 1st March, 1833. On the 28th April the repairs were completed. The plaintiffs present to *Rector* their bill for the repairs, amounting to $800, crediting $400, and asked him to give his note with M'Collum's endorsement for the balance. Rector said the bill was too high, and that he would look it over at some other day. The plaintiffs threatened to detain the boat, and he told them they might do so; but they concluded to let him take the boat, and he accordingly took it from the yard of the plaintiffs. In *June* the plaintiffs again presented their bill to him, and on his refusing to pay unless a deduction was made, said they would sue the *defendant*. In *August* they admitted that they repaired the boat for Rector. Evidence as to the value of the work and materials was adduced. The referees made a report in favor of the plaintiffs for $306,44. The defendant moved to set aside the report.

*I. L. Wendell,* for the defendant.

*A. Tabor,* for the plaintiffs.

*By the Court,* SAVAGE, Ch. J.   Whether the promise was made or not, was a question of credibility of witnesses, and was probably properly decided by the referees; but whether the promise being by *parol* was valid, is a question of law which must be determined according to established principles.   By the revised statutes, every special promise *to answer for the debt, default or miscarriage of another person, shall be void unless in writing expressing the consideration,* and subscribed by the person to be charged.   2 *R. S.* 135, § 2, *sub.* 2.   This does not differ from the old statute of frauds only in so far as the *consideration is required to be expressed* in the written agreement, which was required by the construction put by courts upon that statute.   The law on this subject is not altered.

The only question is, whether this promise was collateral or an original undertaking.   It was clearly not an original undertaking.   The labor was not commenced upon the credit of this promise; for both the plaintiffs' witnesses say that the promise was made several days after the repairs had been begun upon the boat.   Rector swears (and in this he is not contradicted) that he made the contract himself with the plaintiff, Sanders, and he made the necessary advances; and no claim was made or presented to the defendant, until the plaintiffs and Rector had failed to agree about the amount of compensation for the repairs.   When the plaintiffs presented their bill, they wanted a note from Rector endorsed by M'Collum.   In all this, the plaintiffs have treated Rector, and not the defendant, as the principal debtor.   This fact is abundantly shown by all the circumstances of the case, and expressly by the testimony of D. Wyman, to whom the plaintiff Sanders admitted that the boat was repaired for Rector.   Rector being the principal debtor, and the repairs being made upon his credit, the promise of the defendant was merely collateral.   All collateral promises must be in writing, and must express the consideration.   The case of *Leonard* v. *Vredenburgh,* 8 *Johns. R.* 39, contains the correct classification of such promises.   The first class contains those cases where the promise or guaranty is made at the same time, and becomes an essential ground of the credit given to the principal debtor.   The second class contains those cases in which the promise is subsequent to the original debt,

and was no part of the inducement to it, though the subsisting liability is the ground of the promise. In both these cases the promise, to be valid, must be in writing, and the consideration must be in writing. There is this difference: in the first class there need be no consideration but that moving between the orignal debtor and creditor; in the second, there must be some further consideration. If the promise in question belongs to either of these classes, then it is void because it was not in writing. From the testimony, the promise of the defendant would belong to the second class, if in writing and expressing a proper consideration.

It seems to me that the whole case negatives the idea that the promise by the defendant was an original undertaking. There was no benefit to accrue to the defendant, nor was there harm to the plaintiffs, for they had already commenced the repairs upon Rector's contract, and upon his credit. Nor is there any equitable consideration in favor of the plaintiffs' recovering in this suit. They had a lien upon the boat for the repairs. Of this they were aware, and actually detained the boat at first, by virtue of that lien, but finally gave it up to Rector. To Rector, therefore, should they look for payment.

Report of referees set aside ; costs to abide the event.