SIMON L. and JOHN H. BREWSTER *against* FREDERICK SILENCE.

A contract to guaranty the debt of a third person must be in writing and ex-
press the consideration upon which it is made or it will be void. The con-
sideration can not be supplied by parol proof.

A guaranty written beneath a promissory note of a third person and delivered
with it upon a previous agreement, is not a part of the note, and the
guarantor is not a joint maker with the maker of the note. It is a distinct
contract and must comply with the requirements of the statute of frauds.

The consideration of a guaranty may be the credit given to the principal
debtor.

The expression in the contract " for value received," would be a compliance
with the statute— *Semble*, per WILLARD, J.

In an action on a guaranty void by the statute of frauds, a fact found in a special
verdict which would have rendered the defendant a principal debtor and not
a guarantor, is not a cause for reversing a judgment correctly rendered upon
the contract of guaranty.

The cases of *Leonard* v. *Vreedenburgh*, 8 *J. R.* 28; *Manrow* v. *Durham*, 3
*Hill*, 584; *Lequeer* v. *Prosser*, 1 *Hill*, 256, *and Oakley* v. *Boorman*, 21 *Wend.*
588, commented upon and disapproved.

This was an action upon a guaranty of a promissory note.
The note and guaranty were as follows:

"$140·00. By the first of November next I promise to
pay to the order of John Thompson, at the Rochester City
Bank, one hundred and forty dollars—value received,
with use.

" George Silence.
" Rochester, April 18, 1848."
" I hereby guarantee the payment of the above note.
" F. Silence."

The action was tried at the Monroe circuit in October,
1849, before Mr. Justice JOHNSON. The jury found a special
verdict, upon which a judgment in favor of the de-
fendant was obtained, and affirmed at a general term
in the seventh circuit, in July, 1851. The plaintiff

appealed to this court. An abstract of the pleadings and a copy of the special verdict, which will sufficiently show the questions arising before this court, will be found in the opinion delivered here.

*J. C. Cochrane* for appellant.

*C. H. Clark* for respondent.

WILLARD, J. The complaint states that on the 18th April, 1848, at, &c., for value received, George Silence executed his promissory note in writing, by which he promised to pay to the order of John Thompson, at the Rochester City Bank, one hundred and forty dollars, by the first day of November, 1848, with use; and the said defendant, at the time of the execution of the said note on the day aforesaid, for value received, guarantied the payment thereof in writing, on the same instrument, and said note and guaranty were then delivered to said Thompson, and afterwards, on the 12th January, 1849, the said Thompson, for value received, endorsed and signed said note and guaranty to the plaintiffs, and the plaintiffs say no part has been paid except, &c., wherefore they claim judgment for the balance due and interest.

The answer, 1st, denies that the defendant for value received ever guarantied said note.

2d, Alleges that the supposed guaranty is a special promise to answer for the debt of a third person, to wit, George Silence; and that no agreement in writing expressing the consideration was ever signed by the defendant.

3d, That the note was given by George Silence for a debt due to the plaintiff from George Silence, prior to the making of said note: that the note was not founded upon a consideration paid or liability incurred at the time of the making thereof, and that the guaranty was made without any consideration.

4th, That George Silence was indebted to the plaintiffs,

prior to the execution of the note, for the purchase of a pair of horses, and to secure the payment thereof executed the said note.

The reply is, 1st, That the guaranty is not a special promise to answer for the debt of a third person, but is an original, collateral promise, founded on a valuable consideration: that it is in writing, signed by the defendant, and, taken in connection with the note, expresses sufficiently a consideration according to the statute.

2d, That the note was not given for an antecedent debt, but for one contracted at the making of the note; and denies that the guaranty was made without consideration.

3d, It denies that George Silence was, prior to the making the note, indebted to the plaintiff for a pair of horses.

4th, It alleges that at the time of the execution of the note, John Thompson sold to the said George Silence a pair of horses, and the note and guaranty were executed in consideration thereof and delivered to Thompson, who, in consideration thereof, delivered the horses to the said George Silence, and gave forbearance of payment until the note became due: that the defendant was privy to the consideration; and that the sale and delivery of the horses, and the execution and delivery of the note and guaranty were all parts of the same transaction.

The reply then sets out the note and guaranty *in hæc verba.*

On the trial a special verdict was found by the jury, as follows:

1. That George Silence executed the note on the day it bore date.

2. That the defendant signed the guaranty at the same time the note was made.

3. That the consideration of the note was a pair of horses sold to George Silence by the payee of the note, and that a condition of the sale was, that the note should

be guarantied by the defendant, and the sale was not con summated until after the execution of the guaranty.

4. That after the execution of the note and guaranty the horses were delivered by the payee, Thompson, to George Silence, who at the same time delivered the note and guaranty to Thompson.

5. The amount due.

6. That at the time of the execution of the guaranty, the defendant declared that the horses should be his until paid for.

The special term gave judgment for the defendant on the special verdict, which was affirmed by the general term in the 7th district. The plaintiffs appealed to this court.

There is no averment in the complaint that the defendant should be the owner of the horses until George Silence paid for them. Nor does it appear by the special verdict that George Silence assented to the remark of the defendant, that the horses were to be his until paid for. Had it been a part of the agreement that the title of the horses should be in the defendant until the note was paid, the defendant would have been liable to Thompson for the horses as for goods sold and delivered. His liability would not have rested upon the written guaranty, but upon the verbal contract of sale and delivery. If not so, the case at least would have fallen within *Brown* v. *Curtis*, (2 *Comstock*, 225,) and the kindred cases there referred to. The delivery of the guaranty would have been paying the defendant's own debt in a particular way.

But the pleadings give no countenance to this view of the subject. The complaint treats George Silence as the principal debtor, and the defendant as the guarantor; and the reply, after the statute of frauds had been set up in the answer, merely amplifies the complaint: states that the note was given by George Silence for a pair of horses sold to him by Thompson; and though it states that the defendant was privy to the consideration, it nowhere avers that he was to retain the ownership of the horses until the

note was paid.  A verdict finding that it was agreed be-
tween the parties at the time, that the defendant should
own or have a lien upon the horses until the note was
paid, would have been beyond the issue, and bad without
an amendment of the pleadings.

 But the 6th fact, as found by the jury, is in truth wholly
immaterial, since it is not found that George Silence as-
sented to the defendant's ownership of the horses until the
note was paid.

The plaintiffs' counsel relies upon *Leonard* v. *Vreeden-
burg*, (8 *J. R.* 28,) as an authority in point in his favor
The then chief justice hoped, by his learned and elaborate
opinion in that case, to put at rest forever most of the
questions arising under that branch of the statute of frauds
which relates to special promises to answer for the debt,
default or miscarriage of another.  But a review of the
cases in this state, for the last forty years, will show how
fruitless was the attempt.  Instead of settling conflicting
doubts, few questions have occasioned more controversy,
or given birth to more nice and shadowy distinctions than
those arising out of this branch of the statute of frauds.
The case itself which the court was called upon to decide,
was entirely free from embarrassment.  There was no
question arising upon the pleadings, and the evidence of-
fered by the plaintiff and excluded by the judge would
have been admissible under a count for goods sold and
delivered by Leonard, the payee of the note, to the defend-
ant, who signed the guaranty under it.  The making the
note and guaranty and the sale and delivery of the goods
were all parts of one transaction.  The maker of the note
was insolvent at the time, and the defendant was fully in-
demnified by him to double the amount of the goods.  The
goods, though delivered to the maker of the note, were in
truth sold on the credit of the defendant, who was at the
time furnished with the means of paying for them.  The
case was not within the statute of frauds.  The defendant
was not liable on his guaranty as such, but on the whole

facts, which showed that he was the real debtor. . It is true the chief justice expressed the opinion that the plaintiff was entitled to recover upon the production and proof of the writing. This remark was not necessary for the decision of that case, and can not, I think, be supported.

The case of *Leonard* v. *Vreedenburg* was decided in 1811 under the statute of frauds then in force. (1 *R. L.* 78, § 11.) The Revised Statutes have so altered the statute as to require the consideration to be expressed in the agree-. ment to answer for the debt of another, and to be subscribed by the party to be charged. (2 *R. S.* 135, § 2.) It had been held under the former statute, in *Sears* v. *Brink*, (3 *John.* 210,) that in a promise to answer for the debt of another, the consideration and promise must both be expressed in the writing. I do not mean, therefore, to lay much stress upon the alteration of the terms of the act.

The chief justice in *Leonard* v. *Vreedenburg* divides the cases into three classes: 1st, When the guaranty or promise is collateral to the principal contract, but is made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor; then, he says, there need be no other consideration than that moving between the creditor and original debtor. 2d, When the collateral undertaking is subsequent to the creation of the debt, and was not the inducement to it, though the subsisting liability is the ground of the promise, without any distinct and unconnected inducement. Here there must be some further consideration shown, having an immediate respect to such liability, for the consideration for the original debt will not attach to this subsequent promise. 3d, When the promise to pay the debt of another arises out of some new and original consideration of benefit or harm moving between the newly contracting parties. The first two classes of cases, he says, are within the statute, and the last is not. Admitting this to be a correct classification, there must in the first two classes not only be a consideration for the promise, but it must be expressed in the

writing and be subscribed by the party to be charged. The fundamental error of the chief justice consists in stating that if there be no other consideration than the original transaction, the plaintiff should be permitted to show that fact by parol proof. This, it is believed, is contrary to sound principles, and, if admitted, will subvert so much of the statute as requires the consideration to be expressed in the writing. By the rule of the common law, independently of the statute of frauds, parol evidence can not be received to contradict, vary or add to an instrument in writing, but only to explain it in case of ambiguity. (*Jackson* v. *Sill*, 11 *J. R.* 201, 213; 1 *Phil. Ev.* 547; *Webb* v. *Rice*, 6 *Hill*, 219; *Stevens* v. *Cooper*, 1 *J. Ch. R.* 429.) Evidence to contradict it is only admissible in an action brought to reform the instrument.

In cases not within the statute of frauds, the rule which excludes evidence to vary, &c., a written instrument, has been held with less stringency, especially with regard to the consideration. When no consideration is expressed, the real consideration may be shown. (1 *Phil. Ev.* 555; *Bedell's Case*, 7 *Co.* 40.) And in many cases the consideration of a receipt may be explained, (5 *Johns. R.* 68; 3 *Barb. S. C. R.* 100,) when the explanation is not contradictory to, but consistent with the instrument. (*Egleston* v. *Knickerbocker*, 6 *Barb.* 458; *Tobey* v. *Barber*, 5 *J. R.* 68.). But I know of no case where the statute of frauds requires the consideration to be expressed in a written agreement, that in an action at law founded upon it, the omission to state the consideration in the writing can be supplied by parol proof. When the case of *Leonard* v. *Vreedenburg* was decided, the statute did not require the consideration to be expressed in the writing. The remarks of the chief justice that the omission to state the consideration in the writing might be supplied by parol proof conflicted with no statute, and was merely in opposition to *Sears* v. *Brink*, then recently decided by the same court. Indeed, under the former

statute, it was enough if the court could make out the consideration by inference; and in *Newbery* v. *Armstrong*, (4 *C. & P.* 59,) Tindal, Ch. J., said, "It will do if we can, as it were, *spell it out* from the agreement."

But since the Revised Statutes, something more than mere argument or inference has been deemed necessary to make out a consideration. (*Smith* v. *Ives*, 15 *Wendell*, 182; *Packer* v. *Wilson*, *id.* 343.)

Various efforts have been made, at different times, to elude the effect of the statute. Thus, in *Manrow* v. *Durham*, (3 *Hill*, 584,) a guaranty was turned into a promissory note. In *Lequeer* v. *Prosser*, (1 *Hill*, 256,) a guarantor was converted into a joint maker of a note; and in *Oakley* v. *Boorman* (21 *Wendell*, 588,) a contract of guaranty was upheld by calling it an endorsement, thus dispensing with the necessity of expressing the consideration. Neither of these grounds can be taken since the cases of *Brown* v. *Curtiss*, 2 *Comstock*, 225; *Spies* v. *Gilmore*, 1 *id.* 321, *and Hall* v. *Newcomb*, 7 *Hill*, 416.

The case of *Hall* v. *Farmer*, (5 *Denio*, 484,) is exactly in point to show that though the note and guaranty be made on the same piece of paper, upon the same consideration, and at the same time, the guaranty is void if the consideration be not expressed in it. That judgment was affirmed on appeal to this court in December, 1849, by a vote of four to three, Bronson, J., not having heard the argument and giving no opinion. But it is well known from his opinions in other cases that he would have voted for an affirmance.

The only difference between the two cases is, that in the latter the original debt existed before the note was given. But it is not perceived how that can affect the principle: whether the payee in receiving the note and guaranty discharges an old debt, or delivers a horse, can not affect the question whether the consideration of the guaranty should be expressed in it or not.

This case arises under our own statute, and should be

Brewster *against* Silence.

decided according to its letter and spirit. The instrument on which the action is brought is clearly a guaranty and not a promissory note. The consideration is not expressed in it. According to the language of the law it is void.

It is not enough that we can gather from the special verdict that the sale of the horses by Thompson to George Silence constituted the consideration for the guaranty. That was a sufficient consideration. So in *Hall* v. *Farmer* the settlement of a debt due to the plaintiff by Kathern & Doolittle was the consideration for the note given by the latter and for the guaranty signed by Farmer & Doolittle. The consideration was doubtless an adequate one; and yet, because it was not expressed in the guaranty, the supreme court held that it was void, and their judgment was affirmed in this court.

The note and guaranty are not one and the same thing. The note is the debt of the maker—the guaranty is the engagement of the defendant that the maker shall pay the note when it becomes due. A joint action will not lie against them both. They are not the same, but different and distinct contracts. If we give effect to the statute, we must treat the guaranty as void for want of expressing on its face the consideration. The words value received would probably have sufficed.

It is not to be denied that there is a conflict on this question among our own cases. There is respectable authority for treating the guaranty as a note; or the guaranty and note as one instrument. But I see no good reason for doing violence to common sense because the parties failed to draw a guaranty that is legally binding.

All the judges except Johnson, J., concurred in the opinion.

Johnson, J., dissented.

Judgment affirmed.