# HILLSBOROUGH,

## DECEMBER TERM, A. D. 1860.

### WALKER *v.* RICHARDS.

Under a count alleging that the defendant, in consideration that the plaintiff, at his request, would sell and deliver to a third person such goods as the latter should wish to buy of him while he worked for the defendant, promised to be accountable for the same, and see him paid, &c., it was *held*, that the promise, as alleged, was within the statute of frauds, and could be proved only by writing.

Under the general count for goods sold and delivered to the defendant, it was *held*, that the plaintiff might recover if it appeared that the credit was given to the defendant alone, and that the goods were delivered to the third person by his direction.

A charge of the goods upon the plaintiff's books to the third person, may not be conclusive that the goods were sold on his credit; but it may be shown that they were so charged for the convenience and at the request of the defendant.

ASSUMPSIT, by Flanders Walker against Perry Richards, the declaration containing several counts. The first count alleges that " defendant, at, &c., in consideration that the plaintiff, at his request, would sell and deliver to one Jacob Davis, on credit, all such goods as Davis should wish to buy of him, while Davis worked for the defendant, promised the plaintiff to be accountable to him for the price of said goods. The plaintiff avers that he did sell to Davis, while he was at work for the defendant, &c., on credit, &c., goods which Davis wished to buy, &c., amounting, &c., and Davis, though requested on, &c., had not paid, &c., of which

defendant had notice, but though requested on, &c., has never accounted to the plaintiff, nor paid him for said goods, &c."

An amended count, after alleging the promise as before, alleges a sale to Davis, &c., yet the defendant, though requested, has not paid for the same, but refuses.

A second amended count alleges the promise to be, that he would be responsible, and see him paid for the price of the goods; alleges a sale to Davis, &c.; yet the defendant, though requested, has not paid, &c.

Similar counts relate to goods sold to A. S. Gardner, and to P. Hopkins.

A general count, among other things, contains a count " for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, at his request."

The defendant objected, that under this declaration the plaintiff could not recover for goods delivered to Davis, Gardner, or Hopkins. The plaintiff had charged the goods on his books to Davis, Gardner, and Hopkins, and he introduced evidence tending to show that he had done so at the request of the defendant, that the defendant might see, from time to time, whether they were taking up their pay for labor done for the defendant faster than they earned it. The court overruled the objection, and instructed the jury that if the plaintiff delivered goods to Davis, Gardner, or Hopkins, in pursuance of and according to a previous request of the defendant, and a previous absolute promise of the defendant to pay for the goods; and if the plaintiff and defendant understood that the defendant was to pay for them, and that the whole credit was given to him, and that no credit was given to Davis, Gardner, or Hopkins, and that understanding was carried out, the plaintiff was entitled to recover.

To these instructions the defendant excepted; and a verdict being returned against him, he moved to set it aside.

Walker *v.* Richards.

*Morrison & Stanley*, for the plaintiff.

*D. Steele*, for the defendant.

Bell, C. J.   Under the special counts the sale is alleged
to be to Davis, &c., on credit, of goods he desired to buy;
the credit is given to Davis, &c., and Davis, &c., is the
debtor for the price.   The contract of the defendant is en-
tirely collateral.   This contract, as stated, is a valid and
legal contract.   But, by the statute of frauds, it requires
special proof to establish it.   The contract must be in writ-
ing, and signed by the party, and parol evidence is inad-
missible to establish such an agreement.   The objection
taken to the evidence, as applicable to these counts, was
well founded.   *Carville* v. *Crane*, 5 Hill 483; *Wharam* v.
*Matson*, 2 T. R. 80; *Anderson* v. *Hayman*, 1 H. Bl. 120;
*Buckmyr* v. *Darnall*, 2 Ld. Raym. 1085; *Watkins* v. *Perkins*,
1 Ld. Raym. 224; 1 Saund. 211, a, note; *Jones* v. *Cooper*,
Cowp. 227; *Skinner* v. *Conant*, 2 Vt. 453; *Rains* v. *Story*, 3
C. & P. 130; *Peckham* v. *Faria*, 3 Doug. 13; *Larson* v. *Wy-
man*, 14 Wend. 246; *Walker* v. *Richards*, 39 N. H. 259.

As there was in this writ a count for goods sold and de-
livered by the plaintiff to the defendant himself, there is
no difficulty as to the statute of frauds, unless the contract
proved is to pay the debt of another.   In this case the jury,
upon the evidence, would be entirely warranted in con-
cluding that the sale was to the defendant alone, upon his
credit only, and that no credit whatever was given to Da-
vis and the others.   And the evidence, if it led to this
conclusion, was admissible under the count for goods sold
and delivered.

If the credit was given entirely to the defendant, and it
was agreed that he alone should be responsible, and in fact
the sale was to him, though the goods were delivered to,
or for the use of another person, the statute does not ap-
ply; and the defendant is liable, on his parol agreement,

under a common count for goods sold and delivered. Ch. on Con. 202; 1 Saund. 211, a, note; *Cahill* v. *Bigelow*, 18 Pick. 369.

The charges on the books of the plaintiff to Davis, &c., are competent evidence that the sales were made to them, and upon their credit; but they are not conclusive, and are open to explanation. It is for the jury to judge, upon all the evidence, to whom the credit was given, and whether the agreement of the defendant is original, or collateral. *Keate* v. *Temple*, 1 B. & P. 158; *Larson* v. *Wyman*, 14 Wend. 246; *Simpson* v. *Penton*, 2 C. & M. 430; *Anderson* v. *Hayman*, 1 H. Bl. 120. The instructions of the court were correct, and there must be

*Judgment on the verdict.*