By the Court,
Garvin, J.
It is contended, on the part of the defendant, that this arrangement with the plaintiffs is within the statute of frauds, and, therefore, void, and cannot be enforced. It cannot be disputed that the proof shows a new and distinct consideration was received by the defendant *320 from Mattison, in money and notes, and a customer for his wares, at his own price, bringing the case within the principles laid down in the case of Mallory v. Gillett, (21 N. Y. Rep. 412,) clearly excluding a case, with such a consideration, from the effect of the statute. But it is contended that no consideration of any kind was expressed in the paper subscribed by the defendant, nor was any such consideration averred in the complaint. Upon these grounds, and also that the complaint contains a different contract from the one proved, and that the complaint is unproved in its entire scope and meaning, the defendant moved to dismiss the complaint.
It is quite clear that no consideration is stated in the agreement actually subscribed by the defendant; but, if we are to take the two papers, executed on the same day, as one agreement, and they are to be construed together, then it is plain that the plaintiffs were to give up their claim against L. H. Mattison to the defendant, when he delivered them the amount in certain wares described therein. It is, perhaps, fair to regard them as one contract, and this, for most purposes, is the legal rule. (Rawson v. Lampman, 5 N. Y. Rep. 461.)
The consideration moving from the father of Mattison, (the primary debtor,) to the defendant, cannot be relied upon to sustain the complaint as a consideration, within the statute of frauds, for the written contract, for two reasons : 1. That no new consideration can be imported into the agreement to sustain it; and 2. That it varies from the consideration set out in the complaint. If no consideration is expressed in a written promise, none can be supplied by parol, for the statute of frauds requires it to be expressed. (Brewster v. Silence, 8 N. Y. Rep. 207.) This new and outside consideration can-, not be inserted in the paper subscribed by the defendant, for no consideration is expressed therein ; nor can it be added to the consideration contained in the paper subscribed by the plaintiffs. In either view of the case, the consideration cannot, in any way, be resorted to to uphold the written agreement between the parties, if it is to be regarded as a promise *321 to answer for the debt of Mattison, and, if so, neither can it be resorted to to uphold the complaint.
But there is another view of the case to be taken, which is, that the action in this case was not upon a promise, by the defendant, to pay Mattison's debt, but a purchase of the debt of Mattison from the plaintiff's by the defendant. If the defendant, in fact, bought the debt against Mattison, then the statute of frauds, (sub. 2 of § 2,) has no application to the case. Though the effect may ultimately be to pay the debt of another, the contract made created a new debt—the defendant’s own—which he was bound to pay. If not paid, it could be enforced against him by action, as well as if the consideration, instead of being Mattison’s debt, had been any other personal property, sold by the plaintiffs to him, to be delivered'on paying therefor at a future day.
The complaint proceeds on a contract of sale to the defendant of the debt against Mattison, and a release of Mattison from all liability to the plaintiffs thereon, and avers a promise by the defendant to pay in plated ware. The evidence discloses one writing signed by the company, promising to “ give up’’ the claim to the defendant on payment of the amount, and another signed by the defendant, in which he agreed to deliver within a certain time the goods in, payment to settle the claim against Mattison. The defendant did deliver goods in pursuance of, and upon, the contract, to the plaintiffs, to the amount of $1225.19. These facts are proved, and substantially conceded. It is also in proof that a demand was made for the balance of the goods. Was this a purchase by the defendant of the claim held by the plaintiff against Mattison ?' If so, the plaintiffs’ cause of action is made out. It must be conceded that any release growing out of such writing not being under seal, and without payment of the debt, was worthless and of no effect. It may, therefore, be regarded as out of the case, and is not necessary to sustain the action, provided the transaction between the parties was a sale of the debt to the defendant. It will be observed that the writing signed by the defendant, defines the object of the delivery of *322 goods to the plaintiffs to be to settle a claim against L. H. Mattison ; and the other paper signed by the plaintiffs specifies what the plaintiffs are to do with the debt, in these terms : “We agree to give our claim against L. H. Mattison up to (the defendant) as soon as he has delivered to us the amount in spoons and forks as per his agreementnot that the plaintiffs will satisfy, receipt, or extinguish Mattison’s claim, but will give it up to the defendant, who can hold it as a voucher or evidence of Mattison’s indebtedness to the defendant, or, in case he does not pay, enforce it against him. I think the fair interpretation of this transaction is that the defendant agreed to buy this demand, and for it agreed to deliver merchandise to the amount of Mattison’s debt. It is true the word sell is not used, but the defendant does in effect sell by agreeing to deliver, at a certain time, and does deliver, a part of the property, which is accepted by the plaintiffs, and does in effect buy the debt of Mattison. This view of the case brings it within the complaint, without doing any violence to the evidence. If there was a sale of the debt to the defendant, that was a sufficient consideration for the promise, without the release of the debt to Mattison, to sustain the the action. One valid consideration is as good as two. The omission to prove both is not such a variance as to defeat the action.
Again, the transaction was in writing and subscribed by the parties and, as is contended for by the defendant, is one undivided contract, and made valid by the statute as reduced to writing. (2 R. S. 140, § 3, sub. 1.) There was a delivery and acceptance. (2 R. S. 140, § 3, sub. 2.) It was not necessary the delivery and acceptance should have been at the time the contract was made. (McKnight v. Dunlop, 1 Seld. 537.) It was sufficient if any part of the property was delivered and accepted in pursuance of the contract, even if the contract had been verbal, to have made the contract valid within the statute. It cannot be successfully contended that it was necessary to be given up to the defendant when he delivered the goods. This is entirely consistent with the complaint, *323 which is that the plaintiffs would sell, and did sell and assign the demand against Mattison ; but there is no averment that they delivered. It is objected that much of the evidence received by the referee, contradicted the written agreement between the parties. I cannot see how. The evidence principally shows the consideration that moved the defendant to action, and induced him to purchase this demand, and that long before this action was brought, he -received the whole amount he agreed to pay for this demand in money, from the Mattisons, father and son. The one gave him $1000 in cash, and the other paid him the notes he gave for the balance.
The judgment should be affirmed, with costs.