By the. Court.—Sedgwick, J.
Assuming that the *343 original party making the promise, express or implied, was Mr. Martin, the request of the defendant to continue the work, and his promise that he would pay, did not make him liable (Larsen Wyman, 14 Wend. 246). It was voluntary and without consideration.
Then the evidence must go the length of proving that in the first- place when Martin ordered the work, he acted for the defendant. If the evidence although relevant, was only testimony tending to show this, but did not of and by itself necessarily establish it; the inference drawn by the referee cannot be disturbed.
It nowhere appears in the case that the defendant was ever informed that Mr. Martin had at the time of his giving the order, said that Mr. Sanford would pay for it. If this had been shown, it may be that the referee would have been required (on proof that Mr. Sanford, upon hearing, did not dissent) to find that he thereby ratified (so to call it) Mr. Martin’s promise; as, however, it never was communicated to him, he cannot be held to have it ratified it (Rowan v. Hyatt, 45 N. Y. R. 141).
I think we must be satisfied with the referee’s finding that the original debt was Mr. Martin’s. The evidence of what the defendant subsequently did does not establish necessarily that Mr. Martin was an agent in giving the order of the defendant as his principal. If Mr. Martin acted for himself, it is entirely consistent with that that Mr. Sanford should do and say what was proven.
The fact that a credible witness testified that Mr. Martin, while the work was going on, introduced the defendant to the plaintiff as his partner and coadjutor in his business, and that then the defendant, expressing great satisfaction, told him to go on and do all that Mr. Martin ordered him to do, and he would pay for it, does not necessarily lead to the conclusion that they were partners at the time the work was ordered, and that it *344 was ordered as part of the partnership business. If the referee, taking the whole case together, had found from that evidence such to be the fact, his conclusion would have had to be supported on the same principles that we must support his present conclusion upon. The referee had to find what the real, not the verbal, meaning of Mr. Martin’s words were, what business he referred to, whether the defendant heard, and understood what was said, and whether his promise to pay it himself did not show that it was not a partnership that was to pay it.
I therefore cannot see that there was any clear proof which required the referee to find otherwise than he did, and that the defendant was responsible' either as being at the time a partner of Martin, or that Martin was his agent then, or that he afterwards ratified the promise or engagement made by Martin that he should pay. This is the correct judgment, whether the findings and additional findings as made by the referee are taken by themselves, or the evidence in the case is considered in connection with them.
Judgment is affirmed, with costs.
Monell and Curtis, JJ., concur in the affirmation of the judgment.