By the Court.—Sedgwick, J.
The plaintiff was bound to prove the contract set up in the complaint. Whatever difficulties might attend an application of the statute of frauds to a case where a defendant had requested a plaintiff to enter into a contract with a third person, and to perform services under it, promising to piay therefor, they do" not exist in the case made by the testimony here. The weight of the testimony was, and perhaps no. other construction was possible, that the defendant entered into no arrangement or negotiation, on his own behalf, until after the plaintiff had made the contract with the company. Thereafter only, on a view of the testimony most favorable to plaintiff, did the defendant direct the plaintiff to go on with the work, agreeing that at the end of it he would take plaintiff’s claim against the company, and pay eighteen hundred dollars, or did the plaintiff give to the defendant the option of taking the contract and the claim upon it, after performance, for eighteen hundred dollars.
Under such circumstances, the direction to proceed with the work, and the promise to pay, did not establish a valid contract. It was without consideration, and was collateral to the contract with the company (Larsen v. Wyman, 14 Wend. 246).
Looking at the transaction as one for the sale of the contract to the defendant, the defendant could only be held by a writing signed by him, under the third section of the statute of frauds, that enacts that a contract for the sale of any chose in action, for the price of fifty dollars or more, is void, unless a note of such contract is -signed by the party to be bound by it. I am *432 therefore of opinion, that the defendant’s motion to dismiss should have been granted with costs.
Judgment reversed, with costs.
Speir, J., concurred.