DAVID W. PRIME *et al.* Respondents, *against* HERMANN KOEHLER, Appellant.

. (Decided January 7th, 1878.)

Where the owner of land subject to an over due mortgage made by a former owner
· made an oral agreement with the holder of the bond and mortgage to the effect
that if he would extend the time of payment, and forbear to foreclose, he would
pay him the amount of certain interest on the bond, partly then due, and partly
to become due within the extended time,—*Held*, that the agreement was not
void under the Statute of Frauds, as a promise not in writing to answer for the
debt or default of another, but was an original and valid agreement on a new and
sufficient consideration.

The case of *Doolittle* v. *Naylor* (2 Bosw. 206), to the contrary, disapproved.

APPEAL by the defendant from a judgment in favor of plaintiffs entered on a decision made by Judge ROBINSON at special term.

The action was brought by the plaintiffs, Prime and another to recover the amount of certain installments of interest on a bond secured by a mortgage on the land of defendant.

The bond and a mortgage accompanying it were executed by a former owner of the land covered by the mortgage. The defendant took the land from the former owner, subject to the mortgage, but did not assume payment of it. The interest being in arrears and the principal due, by reason of default in payment of interest, the plaintiffs, holders of the bond and mortgage, were about to foreclose. Defendant, in consideration of a waiver by plaintiffs of the right to demand payment of the principal and to foreclose the mortgage, and of their extension of the time of payment, orally agreed to pay the amount of certain interest due, and interest to become due within the time of such extension. The cause was submitted on an agreed state of facts presented to the court in the pleadings and a stipulation of counsel.

The following opinion was delivered by the court at special term:—

ROBINSON, J.—The defendant in September, 1875, became owner of certain real estate, subject to a mortgage executed by, and given to secure a bond of, one Joseph M. Koehler, dated August 28th, 1871, conditioned to pay $29,642 50 on the first day of September, 1875, together with interest semi-annually on the first days of March and September, 1875.

The bond in September, 1875, was reduced to $22,000, and the time of payment extended to September 1st, 1877, "subject to the usual interest default clause."

In September, 1875, said premises were conveyed by said Joseph M Koehler to the defendant, subject to the mortgage, but without any assumption by defendant of any personal responsibility for the payment of the debts, and he still owns the premises.

On or about March 1st, 1876, $770 became due and payable for the past six months' interest, &c., which remained unpaid for thirty days; according to the condition of the bond, the whole principal thereby became payable at the option of the plaintiffs.

And the complaint further alleges, " that thereafter and while the said interest remained so in arrear, the said defendant promised and agreed to and with the said plaintiffs *that in case they would* not exact the payment of said principal or foreclose said mortgage, and would give time for the payment of said interest, he, the said defendant, would pay, when the next instalment of interest should accrue, the interest then in arrear, together with that which should then accrue, making the interest for the whole year, and that the plaintiffs thereupon waived the right to demand payment of said principal sum, and to foreclose said mortgage, and allowed the same to remain to and until the first day of September, 1876. And that in the said month of September, 1876, said defendant requested further time, and that thereupon said plaintiffs extended such time of payment to and until the month of December, 1876, upon the promise of said defendant

that he would pay one-half the interest then due, on or before the fifteenth day of November, and the other half on or before the first day of December, 1876, but the defendant has hitherto failed to pay such interest, or any part thereof," and judgment is demanded for two instalments of $770 each.

It is conceded that none of the alleged promises of the defendant were in writing, and the cause, with this admission, has been submitted on the pleadings.

The first objection is as to the validity of the alleged agreement for want of consideration, founded upon any promise or agreement of the plaintiffs " to do or forbear anything," and no concurrent obligation of mutual promises upon which the minds of both parties met.

The complaint alleges that defendant's oral promise was founded on the consideration that in case plaintiffs would not exact the payment of the principal or foreclose said mortgage, and would give time of payment of said interest, he, the said defendant, would pay, when the next instalment of interest should accrue, the interest then in arrear, together with that which should then accrue, " and that plaintiffs then waived the right to demand payment of said principal sum and to foreclose said mortgage, and allowed the same to remain to and until the first day of September, 1876."

This statement of a consideration for defendant's promise made after the March interest accrued, fails to establish any agreement. The plaintiffs do not allege they then also *agreed* to give time of payment of the interest for the ensuing six months, but merely that they " waived payment of the principal and to foreclose said mortgage, and allowed the same to remain to and until the first of September, 1876." This is neither in accordance with defendant's proposition *in hæc verba*, nor in legal effect, and nothing in the statement of a cause of action on this promise of the defendant discloses any agreement to his proposition, or which debarred them from enforcing payment of interest by suit against the obligor in their bond. There was no concurrence of the minds of the parties, or mutuality of obligation, in the agreement as alleged.

The promise alleged to have been made in September,

1876, is however of a different character, to wit: that on request of the defendant, the plaintiff *extended* the time of payment of both instalments of interest until the month of December, 1876, upon his promise to pay one-half the interest then due on or before the 15th day of November, and the other half on or before the first day of December.

The fact that plaintiffs so extended such time of payment of the interest in arrear is not controverted, and the promise founded upon such executed consideration, if otherwise in due form of law, would be binding. An actual extension of a debt is a good consideration upon which a valid agreement may be predicated, but if the obligation thus assumed by the defendant was simply in respect to a debt due by the obligor in the bond, it, not being in writing, was void under the Statute of Frauds (2 R. S. 135, § 2, subd. 2). As Judge Nelson says in *Watson* v. *Randall* (20 Wend. 204): "The cases are uniform on the point that the promise to pay (a subsisting debt of another) in consideration of forbearance is within the statute." In *Mallory* v. *Gillett* (21 N. Y. 416), Judge Comstock, while thus speaking of forbearance or waiver of collateral advantage, says: "These considerations are all of them sufficient to sustain the auxiliary undertaking. But if they also dispense with a writing, then so far as I see there are no cases to which this branch of the Statute of Frauds can apply."

Except for the considerations hereafter stated, the obligations of Joseph M. Koehler upon his bond to pay principal and interest still subsisted, and plaintiffs' lien upon the land for the payment of their debt remained unimpaired, and defendant's promise was entirely collateral and within the Statute of Frauds.

The defendant was not personally bound for the payment of the bond and mortgage upon purchase of the premises subject thereto (*Belmont* v. *Coman*, 23 N. Y. 438), but the mortgaged premises being the primary fund for the payment of the mortgaged debt, his grantor (the mortgagor), Joseph M. Koehler, stood in the relation of a surety. A release of the mortgage security would (at least) *pro tanto* have re-

leased him from his obligation upon the bond, whether that was effected by an absolute release or by an extension of the time of payment of principal or interest. Such an extension as is alleged and conceded, relinquished the right of sequestration of the rents and profits accruing during that period, as well as the right to sue for the debt thus extended. It afforded the defendant the means of continuing to collect the rents and profits to his own use, and thereby impaired the plaintiffs' rights as incumbrancer against the property owned by him.

In obtaining such extension, the defendant was not dealing as surety or guarantor, or in friendly intervention to protect another, against the harsh or coercive measures of a creditor, but was acting directly for the protection of his own interests, and in obtaining benefit or indulgence in respect thereto which enured directly to his own personal advantage. It was in every respect his own bargain founded on good consideration, and not one simply to answer for the debt or default of another, but moving exclusively to himself so as to enable him to enjoy some time longer the free, unquestioned possession of the mortgaged premises. Such an agreement was not, in my opinion, obnoxious to the provision of the Statute of Frauds, but was obligatory on the defendant as an original undertaking, founded on a good consideration.

Judgment for plaintiff for amount claimed.

*Lewis Sanders*, for appellant.

*F. A. Paddock*, for respondents.

CHARLES P. DALY, Chief Justice.—The judgment should be affirmed. It was not the case of an agreement to answer for the debt, default, or miscarriage of another. The defendant was the owner of the premises which he held subject to the mortgage. He was not liable to pay the interest on the mortgage, not having assumed the payment of the mortgage when the premises were conveyed to him. But default had been made in the payment of the interest by the mortgagor, where-

by, according to the condition, the whole amount of the mortgage became payable at the option of the plaintiffs. The agreement of the defendant was, that if the plaintiff would not exact the payment of the principal or foreclose the mortgage, he would pay the interest that was then due, when the next instalment should become due; together with the interest that should then accrue, making in all, the interest for one year. This was a promise founded upon a new consideration of benefit to the promisor, moving between the new contracting parties—the plaintiffs and the defendant—and comes exactly within the distinction laid down by Chief Justice Kent, in *Leonard* v. *Vredenbergh* (8 Johns. 29), and which has ever since been recognized as a case that is not within the statute. (*Mallory* v. *Gillett*, 21 N. Y. 417, 418, 429, 433 ; *Brown* v. *Weber*, 38 N. Y. 190 ; *Brewster* v. *Silence*, 8 N. Y. [4 Seld.] 212.) The distinction is well put by Tindal, Ch. J., in *Walker* v. *Taylor* (6 Car. & P. 752), that it is not within the statute where the promise is; " in consideration of that which is *an advantage to me,* I will pay you this money." It is in such a case, as Chief Justice Tindal said, " a new contract under a new state of circumstances," and such was the case here. Default having been made by the mortgagor in the payment of the interest, and the principal having thereby become payable, the plaintiff had the right to foreclose the mortgage and sell the premises, which he gave up for a year, upon the defendant's promise that he would, at the end of that time, pay the interest for the whole of the year. The mortgagor had no longer any interest in the premises, having conveyed them to the defendant, except that they might be applied to the payment of the mortgage, to release him, if they were sufficient for the purpose, from any further liability for the principal and the interest upon his bond; so that the agreement made with the plaintiff, to delay for a year the enforcement of the debt and the payment of the interest, was an agreement solely for the defendant's benefit and advantage, as it left him for a year longer in the possession of the premises and the enjoyment of the rents and profits, as Judge Robinson remarked, which other-

wise might have been applied, if the mortgage's security was insufficient, towards the payment of the plaintiff's debt.

Judge Comstock, in *Mallory* v. *Gillett (supra)*, has drawn attention to the distinction in the cases, between a consideration which arises from something which the creditor has given up upon the faith of the promise, and a consideration which arises from an advantage or benefit which the promisor derives from the agreement; in the former of which cases, the agreement is within the statute, and in the latter, it is not. The present case includes both, for there was the consideration of disadvantage to the creditor if the promisor should not perform his agreement, and of advantage to the promisor if the creditor fulfilled his part of it.

The case of *Doolittle* v. *Naylor* (2 Bosw. 206) is a case which undoubtedly sustains the defendant's view upon this appeal; for in that case, the consideration consisted, not only of the damage to the creditor from forbearing to foreclose the mortgage, but of benefit resulting to the defendant from the use of the mortgaged property in the mean time, in which the court said and held that it was a promise to pay the debt of a third person, and not being in writing, it was void under the statute.

The authorities to which I have referred, which hold that where the promisor obtains an advantage or benefit by the agreement it is not within the statute, were not considered in that case, as they are not referred to in the opinion delivered. The distinction between disadvantage to the creditor and advantage to the promisor does not appear to have been presented; for *Mallory* v. *Gillett (supra)*, in the Court of Appeals, was not decided until three years afterwards, and the court had not the benefit of Judge Comstock's lucid exposition of this material distinction, and were probably not referred to the cases which hold that the agreement is a new one, when some benefit or advantage is derived from it by the promisor.

Judge Bosworth, in holding in this case of *Doolittle* v. *Naylor (supra)* that the agreement was void by the statute, although the consideration was not only of damage to the

plaintiff, from forbearing to foreclose his mortgage, but of benefit to the defendant from the use by him of the mortgaged property in the mean time, cites in support of that broad and untenable proposition five previous cases in this State (*Larson* v. *Wyman*, 14 Wend. 246; *Smith* v. *Ives*, 15 id. 182; *Watson* v. *Randall*, 20 id. 201; *Hall* v. *Farmer*, 5 Denio, 484; *Brewster* v. *Silence*, 8 N. Y. 207), none of which go that length, or hold that the agreement is within the statute, even though the promisor may derive a benefit or advantage from it; but on the contrary, the last of the cases cited—*Brewster* v. *Silence* (*supra*)—recognizes as correct the distinction taken by Chancellor Kent, in *Leonard* v. *Vredenbergh* (8 Johns. 828), and approved as discriminated by Judge Comstock, in *Mallory* v. *Gillett* (*supra*), that when the promise to pay the debt of another is founded upon some new and original consideration or benefit to the promisor, it is not within the statute. The other cases relied upon by the defendant do not sustain him.

In *Duffy* v. *Wunsch* (42 N. Y. 244), the only consideration for the promise was, that the creditor discontinued a suit against a third party, which, since *Read* v. *Nash* (1 Wils. 305), has uniformly been held not to take the case out of the statute. In *Brown* v. *Weber* (38 N. Y. 190), the distinction that some advantage or benefit must be received by the promisor from the agreement is distinctly recognized as a test, which shows that the case is not within the statute. The language of Judge Grover is this: " Another test relied upon in many cases, is whether the consideration was new— not arising out of the existing obligation, and received by the party making the promise;—where this was the case, it was held that the case was not within the statute." He observes that a test is, whether the party promising con- tracted an independent obligation of his own, or whether his position towards the creditor was that of a surety; remark- ing that the receipt or non-receipt of a consideration by the party promising, does not determine in every case whether it is within the statute or not; but the inquiry remains whether he entered into independent obligations of his own,

or whether his responsibility was contingent upon the act of another. And applying that distinction to the case then before the court, he held that the agreement was within the statute, because, although the mill was built upon the land of the defendant, and became his property, and it was for his benefit that it should be completed, still it was plain, from the nature of the defendant's promise, that his liability was contingent. One Horton had contracted with the plaintiff for the erection of the mill, and was to pay the plaintiff for building it; but after the plaintiff began to build it, he became doubtful as to Horton's responsibility, which he communicated to the defendant, and the defendant being anxious to have the mill finished, promised the plaintiff that if he would go on and finish it according to the contract, he would see that he did not lose any thing by it; that he would *see* that the plaintiff got his pay, if he finished the mill according to the contract. Here, it was clear that the defendant, by the agreement, was to be liable only in the event of Horton's failing to pay, when the mill was completed, which was clearly a contingent obligation, though the defendant may have derived a benefit. It was an undertaking to pay if Horton did not, and was therefore plainly within the statute an agreement to answer for the default of another.

There was no such feature in the present case. The mortgagor was undoubtedly liable, upon his bond, to pay the plaintiff the principal and the interest; but the defendant's obligation for the consideration received was not made d pendent upon that; it was an express undertaking that if the plaintiff abstained from enforcing his mortgage for a year from that date, that he, at the expiration of that time, would pay the interest. It was a new contract, made solely for his benefit, and in no way contingent or dependent upon the acts of the mortgagor, who was already in default. It was an original and independent obligation by which the defendant bound himself, for a consideration received from the plaintiff, to pay to the plaintiff, at a certain time, the interest that might then be due upon the mortgage, and comes dis-

tinctly, in my judgment, under the class of cases which hold that such an agreement is not within the statute.

The judgment should therefore be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.