ADDISON H. HAZELTINE v. SAMUEL K. WILSON.

1. Whether an agent, making a contract for the benefit of another, is liable upon a parol promise to be responsible, depends upon the fact whether the credit is given to him or the principal. Both cannot be held as original debtors.

2. If an agent purchases goods for a principal, whom he discloses, with a promise that he will be responsible, he thereby simply becomes responsible for the default of his principal. His promise is collateral and cannot be enforced unless in writing.

3. But if the vendor asks the agent "to whom he must look for payment," and the agent replies "that the vendor must look to him," the agent becomes the original debtor, and the credit being given to him, his promise is not within the statute of frauds.

4. In this case, although the service was rendered by the plaintiff, at the request of the defendant, for the accommodation of a third person, the agreement of the defendant that the plaintiff should look to the defendant for compensation for the services to be rendered was an original and not a collateral promise.

On *certiorari*.

Argued at November Term, 1892, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *John H. Backes.*

For the defendant, *Howell & Bro.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This action was instituted in the District Court of the city of Trenton to recover for services rendered and money expended.

The plaintiff was non-suited in the District Court, and that judgment was affirmed on appeal to the Mercer Pleas. The case is in this court on *certiorari* for review.

The facts of the case, as shown by the uncontroverted testimony, are as follows:

Samuel K. Wilson, the defendant, applied to one Bailey,

in the city of Trenton, for one Peter Keenan, for a loan of
$8,500 to Keenan, to be secured by a mortgage on Keenan's
real estate.   Bailey made a written application to the Mutual
Life Insurance Company of New York for the loan, to which
he signed the name of Keenan as applicant.   After the lapse
of a few days Wilson called again on Bailey, and inquired of
him how he was getting along with the loan to Keenan.
Bailey informed him that the loan had been granted, and
Wilson then asked what the cost would be.   Bailey told him
he would charge one per cent. commission and whatever the
charge would be for the preparation of the papers and the
examination of the title.   Wilson asked him to ascertain
what that would be, and as Wilson was about to leave Bailey
said : " Mr. Wilson, to whom shall I look for the expenses?"
Wilson replied : " I am getting this money as an accommo-
dation for Peter Keenan, but I will be responsible."

Through Bailey the matter was referred to Hazeltine, the
plaintiff, to make the searches and prepare the papers.   Hazel-
tine advised Bailey what the expenses would be, and Bailey
informed Wilson.   Wilson told Bailey that it was too much
—that Keenan could not stand it—but told him to go on and
have the papers prepared and get the loan through.   There-
upon Bailey directed Hazeltine to render the services for
which this suit was brought.

Bailey further testified " that Wilson represented Keenan
all the way through."

The plaintiff made the searches and prepared the necessary
papers, and on their presentation for execution Wilson in-
formed Bailey that he would not take the loan, nor pay the
plaintiff for the searches and papers.

In defence to the suit brought by Hazeltine against Wilson
to recover this claim, Wilson set up that his promise to be
responsible was a collateral parol engagement within the
statute of frauds, and the courts below having taken that
view of the law non-suited the plaintiff.

The law upon this subject is exhaustively discussed by

Chief Justice Green, and by Mr. Justice Whelpley in *Hetfield* v. *Dow*, 3 *Dutcher* 440.

In that case the lumber was purchased by Dow for the benefit of one Gibson.

The rule laid down by the court in that case was, that if the credit was given to Dow in consequence of any promise made by him, then he was liable as the original debtor; but if the sale was made on the credit of Gibson, then he was the original debtor, and the liability of Dow was collateral and could not be enforced unless it was in writing. All the judges agreed that both Dow and Gibson could not be original debtors.

This case, therefore, will be solved by determining to whom, according to the admitted facts, credit was given. Wilson applied to Bailey for the loan for Keenan, but he did not say that he would take it; the contract was not closed ; he wanted to know the cost. Bailey was not yet authorized to proceed with it, either on Wilson's credit, or on that of Keenan, and at this juncture Bailey asked Wilson " to whom he should look for the expenses."

By this inquiry, he plainly told Wilson that he wanted to know to whom he was to give credit.

If, in reply, Wilson had said, " I am the agent of Keenan and am authorized by him to procure the loan, but I will be responsible," then the undertaking of Wilson would have been collateral—it would have been a promise to answer for the default of Keenan. It would be like the case of an agent purchasing for the benefit, and on behalf of a principal whom he discloses, with a promise by the agent that he will be responsible. The responsibility thus assumed is simply an agreement that the principal will pay and that the agent will be responsible for the failure of his principal to do so. His promise is collateral, the principal being the debtor. The vendor can, in such case, recover from the principal, and if so, no action can lie against the agent, according to *Hetfield* v. *Dow.*

But, in reply to this question asking to whom the credit

was to be given, Wilson said : "I am getting this money as an accommodation for Peter Keenan, but I will be responsible." This was, in effect, an agreement that Bailey was to look to Wilson ; that the credit was to be given to Wilson, who wished to accommodate Keenan by getting a loan for him.

It must be observed that, up to this point, Wilson had not decided to take the loan ; he had agreed that Bailey should look to him for the expenses, but, before he decided to conclude the arrangement, he wished to know what the cost would be. He had not stated to Bailey, nor does it appear that he was authorized by Keenan to state, that he would take the loan on the terms of paying such expenses.

The matter, thus far, was unconcluded. When, subsequently, Bailey told Wilson what the expenses would be, Wilson said " that Keenan could not stand it, but that Bailey should go on and get the loan through."

The reasonable inference to be drawn from this statement is that Keenan had not agreed that he would take the loan on such terms—that he had not authorized Wilson to do so—but that Wilson, acting on his own behalf, with a desire to accommodate Keenan, would take the responsibility of ordering Bailey to proceed. Wilson gave the final order without withdrawing his previous promise that he would be responsible. The declaration of Wilson did not justify Bailey in concluding that he had a right to charge Keenan with these expenses, or that Keenan had agreed to pay them. It is not the case of an agent who promises to be responsible for a principal whom he discloses, but the case of one who pledges his own credit for a service he desires to have rendered for the benefit of another. Wilson occupies the position of an original debtor, and, therefore, the judgment of non-suit was erroneously ordered and should be set aside.