NICHOLAS H. CHESEBROUGH, PLAINTIFF IN ERROR, v. OAKES TIRRILL, DOING BUSINESS AS THE TIRRILL GAS MACHINE COMPANY, DEFENDANT IN ERROR.

1. When the question in issue is whether the agreement or undertaking upon which an action at law is brought is an original agreement or a collateral undertaking to pay the debt of another, which must be in writing under the statute of frauds, and the evidence is in dispute as to the character of the promise or agreement as matter of fact, and a reasonable conclusion may be drawn in either direction, the question becomes one which must be submitted to the jury.

2. The question of fact to whom the credit was given, under all the circumstances, where they are in dispute, is a question which is properly submitted to the jury.

3. When the receipt, acceptance and control of the thing sold or furnished are made to appear to the satisfaction of the jury, the contract, though it rests in parol proof, is completely available like any other contract between the parties.

4. When the trial court overrules a question upon objection which is intended to adduce certain evidence, if afterwards, from the same witness, the party has the benefit of the same evidence in answer to other questions, he will not be heard to complain of the error in overruling the question, nor will the court consider whether error was committed in the overruling of the question, because if the party taking the exception has afterwards the benefit of the evidence he is not at all prejudiced by the error, if it existed.

[*Submitted March 25th,* 1898 ; *decided June 20th,* 1898.]

On error to the Supreme Court.

For the plaintiff in error, *Abel I. Smith* and *James B. Vredenburgh.*

For the defendant in error, *Queen & Tennant.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The action in this case is on contract by Oakes Tirrill, doing business as the Tirrill Gas Machine Company, plaintiff below, against the defendant below, Nicholas H. Chesebrough.   The declaration contains only the common counts, with a bill of particulars for the price and value of a gas machine, the appliances attached and for materials and labor in placing the same in the "Hotel Beechwood," at Summit, New Jersey.   The defendant below was the owner of the hotel, and he had leased it to one Ira Doying, who was in the occupancy of it as lessee and engaged with his sons in running a hotel business therein at the time the gas machine was purchased and placed in the hotel.   On the trial the verdict of the jury was in favor of the plaintiff and against the defendant for the sum of $1,796.43, upon which verdict judgment was entered in the Supreme Court.   This judg-

ment is sought to be reversed by this court upon a writ of error.

The facts, substantially, as proved in evidence are that the Summit Gaslight Company, which had been supplying the hotel with gas during its occupancy by Doying and upon his credit, refused after a certain date to further supply the same unless the defendant, Chesebrough, would guarantee the payment of the bills therefor, and that it was concluded between the defendant, Chesebrough, and Doying that it would be better and cheaper to put a gas machine in the hotel. The evidence on the part of the plaintiff shows that the defendant authorized Doying to order the machine, and that he, the defendant, would pay for it. Mr. Tirrill swears that Doying came to him, and after some negotiations between them, ordered the machine to be furnished and put in the hotel. Mr. Tirrill informed him that he had been told that he, Doying, was not a responsible man. Mr. Doying then told him that he was not ordering the machine to be placed in the hotel for himself or upon his credit, but that Mr. Chesebrough, the owner, was making the improvement to the hotel, and that he, Doying, was authorized to purchase the machine to be put in the hotel for the owner, and thereupon an agreement was made between Doying, as the agent of the defendant, that the plaintiff should furnish and place the machine in the hotel for the defendant, who would pay the bill. Mr. Doying testified that the defendant authorized him to contract for and order the gas machine to be put in the hotel on his account and he would pay for it, along with other permanent improvements which he was making, and that, in accordance with this authority, he made the contract with the plaintiff to furnish and place in the hotel the gas machine, with the appliances and fixtures thereto to be attached. The evidence shows that the gas machine, fixtures, burners and appliances were put in the hotel according to the charges in the bill of particulars, and that they have ever since been retained and used in the management of the hotel.

Upon the question of the authority of Doying to act as the agent of the defendant in such manner as to bind him to pay for the machine, much evidence, both of a direct and circumstantial character, was produced and admitted. At the close of the evidence on the part of the plaintiff a motion to nonsuit was made, and error has been assigned upon the exception to the refusal of such motion.

The slightest consideration of the facts justified the learned trial court in such refusal. There existed at this point direct evidence of the agency or authority of Doying to purchase the gas machine upon the credit of the defendant. Besides a consideration of the circumstances adduced of the purchase of the machine and fixtures, the place of the location of the machine, the delivery thereof, the manner in which it was placed in the hotel as a permanent part thereof, the use to which it was to be devoted and the reasons for its purchase, upon the question whether such authority was given or whether such agency existed, would have been sufficient to carry the case to the jury, and would have made a nonsuit improper.

The legal ground urged for the nonsuit was that the contract on the part of the defendant was one of guaranty or promise to pay the debt of another; therefore, within the statute of frauds and required to be in writing, it was also that the contract was one not followed by delivery to the defendant of the goods purchased.

So far as the question of delivery was concerned, the defendant being the owner of the hotel, and Doying the lessee, it certainly, under all the circumstances, became a question for the jury to determine to whom or for whom delivery was made. But in this case, if the agency between Doying and the defendant was established in the minds of the jury—that is, for Doying to purchase the machine upon the credit of the defendant—whether the machine was actually delivered to Doying, the lessee, in actual occupancy of the hotel, or to the defendant as the owner, became entirely immaterial, because the agreement to purchase was original in its character between the plaintiff and the defendant.

Whether the contract was one of guaranty, or, in other words, a promise to pay the debt of another, was a question, viewed in its most favorable light for the defendant, to be left to the jury.   The evidence of Doying as to his authority and instructions from the defendant on this point, was direct and positive, and the trial court had no option but to refuse the motion to nonsuit on the ground upon which it was placed by the trial court, that if the testimony of Doying was true then the responsibility of the defendant had been established. Upon the cross-examination of Doying it was attempted to be shown that Doying had made statements in an affidavit used in the Court of Chancery in a litigation between him and the defendant, which were different from or inconsistent with his testimony in this case in relation to his authority to bind the defendant for this gas machine.   But the trial court could not from this affidavit, even if its statements had been different from those made in evidence in this case in relation to the same matter, determine that his evidence in this case was untrue and therefore reject it.   This was a question for the jury to determine how far this former affidavit affected his credibility as a witness, and whether his evidence was to be rejected or not.

No error has been found in the refusal to direct a nonsuit.

At the close of the case a motion was made for a direction of a verdict in favor of the defendant.

The defendant, in his defence, denied that he had ever authorized Doying, as his agent, to purchase the gas machine, or to bind him for its payment, or given him any instructions to purchase it for him.   All of the evidence of the defendant is directed to the denial of this authority, along with evidence attacking and impeaching the credibility of Doying.

The motion to direct a verdict for the defendant was properly refused.

The same reasons which were urged for the nonsuit were presented as reasons for a direction of verdict for the defendant.

The defence was a denial of the evidence of the plaintiff, and also that if any contract or promise had been made by

the defendant, that it was a collateral parol agreement or promise to pay the debt of another. The trial court could have determined, considering the evidence of Doying, if it had not been denied by the defendant, that an original binding agreement existed on the part of the defendant to pay for the machine. The questions of the credibility of the evidence on the part of the plaintiff and whether the contract was one authorized by the defendant, were questions necessarily for the jury. The question to whom the credit was given was for the jury. A verdict for the defendant, under the facts in evidence on both sides, could not have been directed. *Hazeltine* v. *Wilson,* 26 *Vroom* 250.

All of the requests to charge, worthy of notice and consideration, were based upon the theory that the contract of the defendant, if any existed at all, was a parol collateral one to pay the debt of Doying. Upon all these requests the court distinctly charged that if the agreement was that of a guaranty of payment, or promise to pay the debt of Doying or somebody else, then the defendant was not legally bound. *Hetfield* v. *Dow,* 3 *Dutcher* 440 ; *Hazeltine* v. *Wilson,* 26 *Vroom* 250 ; *Scudder* v. *Wade,* 1 *South.* 249, 255 ; *Stew. Dig.* 579 ; *Wall Supp. Stew. Dig.* 309 ; *Matson* v. *Wharan,* 2 *T. R.* 80 ; *Browne Fr.* (5th ed.) 249 ; *Larson* v. *Wyman,* 14 *Wend.* 246 ; *Elder* v. *Warfield,* 7 *Harr. & J.* 397 ; *Pennell* v. *Pentz,* 4 *E. D. Smith* 639 ; *Grant* v. *Wolf,* 34 *Minn.* 32.

The rules of law on these questions were correctly stated by the learned trial justice to the jury, and as matter of fact all the evidence submitted to the jury for their determination.

No error is found in the charge upon any of the requests or in the refusal to charge as requested.

There remains one exception to the rejection of evidence upon which error was assigned which may merit some consideration.

In the cross-examination of Doying much evidence was adduced from him in relation to his connection with the defendant in the construction and management of the hotel, the improvements and repairs thereon and other business

matters between him and Doying in connection therewith, and as to the title thereto, in whose name it was and their respective interests therein, and what expenditures Doying had made or was to make in the construction of the hotel, and as to the manner in which it was to be repaired. After some evidence bearing upon these questions the following question was put to him :

"I understood you to say that the title to this property was in Dr. Chesebrough, and as to that, Mr. Doying, let me ask you this question : At the time Dr. Chesebrough had this conversation with you that you have stated, had he agreed with you, acting for your sons, that he would hold the property as security for money which he had already advanced towards the construction of the hotel and for moneys which he should thereafter advance for that purpose?"

The question was objected to and overruled, on the ground that the question in this case was whether the defendant incurred the obligation to the plaintiff, and that it was immaterial to that question how the defendant expected to be reimbursed.

The evidence as to other transactions between Doying and the defendant having no relation or relevancy to the question whether the defendant authorized and instructed him to purchase this machine for him, could not be material or admissible evidence, because it raised other issues in which the plaintiff was not interested, and which, when determined, could not affect the right of recovery here, and therefore it would appear that the question was properly overruled. But if the rejection of the answer to this question was erroneous, it was not in the slightest prejudicial to the defendant, for, upon an examination of the evidence upon the further cross-examination, evidence as to the transactions which this question was calculated to draw out was gone into to a considerable extent without objection, and the question fully answered and the facts fully adduced. Other witnesses were called and examined upon these subjects and the defendant himself fully testified to them. It is unnecessary to go into detail in this matter.

It is sufficient to say, in the view of the court, that, from the moment of the overruling of the question up to the close of the evidence, all the business transactions of the defendant and Doying were entered into with a liberality far beyond the limitations of the rules of law which confine, substantially, the evidence to the issue in the cause, and it was only when the secret beliefs and intentions of the witness were attempted to be probed that the trial court, upon objection, limited the extent of the evidence.

No error upon the exceptions taken at the trial in the admission or rejection of evidence in the refusal to nonsuit or direct a verdict or in the charge of the court upon requests or otherwise appearing, the judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 14.

*For reversal*—None.