THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE FLETCHER, PLAINTIFF IN ERROR.

Submitted December 5, 1908—Decided February 23, 1909.

1. On the trial of an indictment for abortion, evidence of the physical condition of the woman at a time some ten days subsequent to the time when it is alleged the operation was performed is admissible.
2. When the trial court overrules a question upon objection which is intended to adduce certain evidence, if immediately prior thereto, from the same witness, the party has had the benefit of the same evidence in answer to a similar question, he will not be heard to complain of the error in overruling the question, because he is not at all prejudiced by the error if it existed.

---

On error to the Atlantic County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Garrison & Voorhees.*

For the state, *Clarence L. Goldenberg,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The defendant below, George Fletcher, was indicted and convicted in the Atlantic County Quarter Sessions Court of the crime of abortion.

The case was argued as though it were before this court upon a return of the entire record of the proceedings had upon trial in accordance with the provisions of section 136 of *Pamph. L.* 1898, *p.* 915. While the record lacks the formalities required by that statute we have, nevertheless, examined all the alleged causes for reversal.

The first cause argued is that evidence not material to the issue, but such as to prejudice the jury, was admitted by the court over the defendant's objection, and that irrelevant medical testimony was admitted.

The testimony which is said to be improper was that which related to an operation performed by surgeons upon the woman some ten days after the abortion, and the testimony was as to what this operation revealed as to the woman's physical condition. Such testimony was clearly admissible. 1 *Cyc.* 187; *Underh. Cr. Ev.* 412.

The next cause for reversal argued is the action of the trial judge in overruling a question asked of the defendant, while a witness, by his counsel. It had been shown in the case that in performing the abortion the wall of the womb had been punctured. The defendant, who had testified that he was a practitioner of medicine, was asked these questions:

"*Q.* You heard on the stand, did you not, doctor, Dr. Marvel and Dr. Eckhart explain the puncture in the womb?

"*A.* I did.

"*Q.* Now, is that such a wound or puncture that a woman could have performed upon herself?"

The last question was objected to by the state, and was overruled.

Assuming that the question was legally unobjectionable and the testimony competent, we think that its exclusion was harmless error because the witness had already been asked and had answered the same question. Immediately preced-

ing the question overruled the defendant had been examined by his own counsel as follows:

"*Q*. Doctor, can a woman inflict upon herself the injury which has been described by the doctors in this case?

"*A*. She could; you mean with reference to the puncture?

"*Q*. Yes.

"*A*. She could puncture her womb, more so than anything else; those things are commonly practiced."

By this, and other evidence by the same witness not essential to here repeat, the defendant had the benefit of an answer to the question excluded, and he will not be heard to complain of its exclusion because he was not prejudiced by the alleged error. *Chesebrough* v. *Tirrill, 32 Vroom* 628.

We have also examined the other causes for reversal and find no merit in them.

The result is that the judgment of the court below is affirmed.