## FITZGERALD SPEAR COMPANY v. PETER J. KELLY.

Argued November 1, 1910—Decided March 23, 1911.

A contractor engaged in the building of a church rectory neglected to pay for lumber obtained by him for use in the building. The materialman then refused to make further deliveries. The rector of the church thereupon promised to pay the materialman for all lumber which he should thereafter furnish to the contractor, and which should be needed for the completion of the building. *Held*, that the rector's promise was an original undertaking to pay his own debt, and not a promise to pay the debt of the contractor, and, therefore, was not required to be in writing under the statute of frauds.

On error to the Warren Circuit Court.

Before Gummere, Chief Justice, and Justices Minturn and Trenchard.

For the plaintiff in error, *Martin P. Devlin.*

For the defendant in error, *George H. Peirce.*

The opinion of the court was delivered by

Gummere, Chief Justice. The defendant, Kelly, was the rector of St. Rose's Roman Catholic Church at Oxford Furnace. A written agreement was made between the church and one Lennon for the building of a rectory for the use of the church corporation as a home for its rector. Lennon procured from the plaintiff a considerable quantity of lumber to be used in the erection of the building. Failing to pay for the same, the plaintiff refused to supply any more lumber to him until it had received something on account. Thereupon, according to the testimony offered on behalf of the plaintiff, the defendant, Kelly, promised to it to pay the entire lumber bill if it would furnish and deliver to the building the materials required for the completion of Lennon's contract. The plaintiff accepted this offer and delivered the material. The plaintiff had a verdict and judgment.

The principal question presented by this writ of error is whether the case is within the statute of frauds; that is, whether the promise sued on was a promise by Kelly to pay the debt of Lennon. If it was, admittedly the defendant cannot be held, for the promise was not in writing. In the leading case of *Hetfield* v. *Dow*, 3 *Dutcher* 440, it is said: "If A purchase goods to be delivered to B, or promises to pay for goods that may be purchased and received by B, it is an original contract on the part of A, and the promise need not be in writing; it is an original engagement to pay his own debt, and not the debt of B." In the present case, the recovery was had for materials delivered by the plaintiff to the rectory building after the promise made by Kelly. To the extent that the promise was to pay for these materials, it was an original engagement by Kelly to pay his own debt, and not the debt of Lennon. The recovery against him for this sum was therefore properly permitted.

The contention on the part of counsel for plaintiff in error that in making this promise Kelly was a mere agent of the church is, we think, without force. He made no attempt to bind the church. The obligation which he assumed was a personal one. The judgment under review will be affirmed.