GEORGE J. MULHOLLAND, DEFENDANT IN ERROR, v.
HENRY L. JONES, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 19, 1912.

1. An answer to a question which required the plaintiff to testify as
   to his mental attitude respecting his willingness to finish a con-
   tract entered into by him with the general contractor of the
   defendant, upon the credit of such general contractor, where the
   plaintiff had previously testified that he refused to perform the
   work for the general contractor, was neither harmful nor preju-
   dicial to the defendant, since it added nothing to the probative
   force of the resultant act from the mental operation, to which
   the plaintiff had already testified.

2. Whether the form of expression, "I will see that you are paid,"
   is or is not a collateral promise, necessarily depends upon circum-
   stances surrounding the making of such promise. The real test is,
   to whom was credit given.

On error to the Supreme Court.

For the plaintiff in error, *Ruliff V. Lawrence.*

For the defendant in error, *Johnston & Conover.*

The opinion of the court was delivered by

KALISCH, J.    The defendant, Jones, entered into a con-
tract, in writing, with one Archibald for the building of a
house. The contract was filed in the office of the clerk of
the county where the building was to be erected. The ef-
fect of such filing was to prevent anybody from obtaining a
lien upon the building and curtilage, except Archibald.
Archibald subcontracted the plumbing work to Mulholland,
the plaintiff, for which work Mulholland was to receive
$390; $150 when the rough plumbing was done and the
balance when the fixtures were installed. Mulholland fin-
ished the rough plumbing, for which he was paid, according
to the contract, the sum of $150. But before putting in
the fixtures the plaintiff learned that there was going to be

trouble between the owner and the builder, and that the builder was probably going to default upon his contract. And he thereupon refused to go further under his subcontract with Archibald. The plaintiff testified that the defendant came to him and wanted him to finish the plumbing, but he refused, because he was afraid he would lose his money or have to wait a long time for it; and that he said to the defendant, "Understand, Mr. Jones, I don't want to complete that work now, because I would be out of my money all the time, and anyway, I don't want to finish the job; I don't want anything more to do with the job; don't want to put the finish on;" that defendant replied, "You go ahead and get your men up here and do that job for me and I will see that you are paid." And the plaintiff further testified that the defendant said, "You go ahead and finish this work and I will see that you are paid for it when your work is completed. When you get your work completed I will see that you are paid."

The trial judge charged the jury that it was immaterial whether the form of expression used was "I will pay you," or "I will see that you are paid," if it appeared, in fact, that the plaintiff did the work relying upon the strength of defendant's promise he was entitled to a recovery against him. The jury found in favor of the plaintiff.

The case is under review before us on a writ of error, and several errors have been assigned for a reversal of the judgment. We shall proceed to consider them in the order in which they have been presented.

*First.* It is argued that the court erred in permitting the following question to be answered by the plaintiff: "Would you have done the work on that house if it had not been for this new arrangement with Mr. Jones?" The claim made is that this question was improper, because the defendant in error had entered into an entire contract with the contractor, Archibald, for this precise work, and was therefore obligated to perform it. The question obviously called for the plaintiff's mental attitude concerning his intention to do or not to do the work for the contractor. But, as the plaintiff

had already testified that he had absolutely refused to do the work and complete his contract, it was a superfluous task to elicit the plaintiff's mental operation or attitude that had materialized into the fact of his refusal to proceed with the work for the contractor. The answer thereto, by the witness, in the negative added nothing to the probative force of the resultant act from the mental operation, to which the witness had already testified and, therefore, we are unable to perceive how it could have been either harmful or prejudical to the defendant.

*Second.* It appears that at the close of the case a motion was made by the counsel for the defendant below to direct a verdict in favor of the defendant, because the pleading of the plaintiff below based the liability of the defendant upon his assumption of the balance due upon the original contract, between the contractor and the plaintiff. A reference to the declaration reveals that the plaintiff relied also upon the common counts contained therein and on a particular statement therein for work done and performed and materials furnished by the said plaintiff, at the special request and promise of said Jones to pay for same. The objection is not well founded in fact.

*Third.* The court charged the jury: "I do not see that it makes any difference whether he said 'I will pay you,' or 'I will see that you are paid,' because you must take the language in connection with the surrounding circumstances." What those circumstances were have been already set out and need not be repeated here. The defendant attacks the correctness of the ruling of the trial judge. The argument advanced is that the second form of expression is a promise to pay the debt of another and therefore not binding under the statute of frauds. Whether the form of expression, "I will see that you are paid" is or is not a collateral promise necessarily depends upon circumstances surrounding the making of such promise. The real test is, to whom was credit given. The form of expression is not controlling if it appears that the promisee acted upon the promise and gave credit to the promisor. In the case *sub judice,* there

was no debt due from Archibald to the plaintiff. The plaintiff had been paid for the work he had performed. He refused to furnish materials and complete the contract. He refused to give any credit to the contractor, Archibald. It is true that as between the plaintiff and Archibald there was a breach of contract by the plaintiff, but surely this circumstance goes to strengthen the plaintiff's claim that he refused to give any further credit to Archibald. The court very properly left it to the jury to say whether from what was said and the surrounding circumstances, credit was given to the defendant.

But, considering that there was an obligation existing from the plaintiff to Archibald, the rule laid down by Chief Justice Green in *Kutzmeyer* v. *Ennis*, 3 *Dutcher* 376, is the true legal rule that must control this case, and which is stated to be, by that learned jurist, as follows:

"The rule is that where the promise to pay the debt of another is founded upon a new consideration, and this consideration passed between the parties to the promise, and gives the promisor a benefit which he did not enjoy before, and would not have possessed but for the promise, then it will be regarded as an original promise, and therefore will be enforced, though not in writing. In that case the evidence tended to show, and if the jury believed the witness did show, that though the work was originally undertaken by Ennis, at the instance of the contractor, yet he refused to proceed, and the work was stopped until Kutzmeyer promised payment. The work was not done for a third party, but for Kutzmeyer himself. He was interested in the completion of the work. He received the benefit of it, and he had it in his power to indemnify himself for the advances to Ennis by withholding the money from the contractors." The principle laid down in this case was approved in *Cowenhoven* v. *Howell*, 7 *Vroom* 326, by an opinion of Chief Justice Beasley, and by this court in *Hartley* v. *Sandford*, 37 *Id.* 630, by an opinion of Mr. Justice Dixon.

*Fourth.* We find no merit in the fourth assignment, which relates to what the trial judge said to the jury regarding a

stop notice to the effect that it was absolutely valueless and of no effect. The judge was dealing with the defendant's claim that his, the defendant's, promise was conditioned on the giving of the stop notice then, and he pointed out to the jury in connection therewith the utter futility of the functions of a stop notice when there was no debt due from the contractor to the plaintiff, and left it to the jury to determine whether it was likely that a reasonable man would make such a bargain, when they came to consider the credibility of the testimony. There was no error in this. The last assignment attempts to challenge the nature of the judge's charge, but having no exception to support it, will not be considered.

The judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.   15.

*For reversal*—None.