## SAMUEL PAUL AND ABRAHAM HOFFMAN, PARTNERS, TRADING AS PAUL & HOFFMAN, PLAINTIFFS-APPELLEES, v. HILL HABER, DEFENDANT-APPELLANT.

Argued July 2, 1915—Decided November 15, 1915.

On appeal from the Supreme Court.

For the plaintiffs-appellees, *Abraham Levitan.*

For the defendant-appellant, *Weller & Lichtenstein.*

PER CURIAM.

This action was originally brought by the plaintiffs, who were subcontractors under Maloyfsky, the contractors, against Haber, the owner, upon a stop-notice. Afterward the complaint was amended to the common counts in *assumpsit,* and the plaintiffs sought to recover as upon an original contract with Haber, the owner. We are not to be understood as approving the use of the common counts, but no question was raised on that score, and we proceed to the merits.

We have merely an agreed statement of the evidence, and no findings of the facts in issue; but the court must have found in order to render judgment for the plaintiffs that there was an original contract between them and the defendant. It is this finding of which the appellant complains. The legal question is, therefore, whether there was any evidence justifying such a finding. We think there was. When the work which the plaintiffs had contracted to do for Maloyfsky was a little more than half done, the plaintiffs were going to quit. The defendant said, "Go on and finish the work, and I will pay you." It was clearly open to the court, sitting as a jury, to find that this was an original promise of the defendant, and not merely a collateral promise to pay Maloyfsky's debt. The consideration was the new obligation that the plaintiffs came under—to work for the defendant rather than for Maloyfsky. The case is within the rule of *Fitzgerald Spear Co.* v. *Kelly,* 81 *N. J. L.* 6; *affirmed,* 83 *Id.* 626.

Whether this conduct of the plaintiffs amounted to an acceptance of Haber's offer and brought them under a new contractual obligation to him depended upon the inference to be drawn from the conversation and acts of the parties, and this inference was for the trial judge to draw; he must have found for the plaintiffs, and we cannot review that finding. It is immaterial that no terms of payment were agreed on and no amount fixed. If there was an original contract between the

plaintiffs and defendant, there might be a recovery of the value of the work.

It is also immaterial whether or not we should have given more weight than the trial judge did to the fact that the plaintiffs accepted a payment of $200 from Maloyfsky, and sued at first upon a stop-notice, as if the debt were the debt of Maloyfsky, for which the defendant was liable only by virtue of the Mechanics' Lien act.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, PARKER, MINTURN, KALISCH, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.