WILLIAM FARINELLA, APPELLEE, v. NICHOLAS DI CHAIRA AND COLOGERA ZINNO, APPELLANTS.

Argued November term, 1923—Decided March 8, 1924.

**Contracts—Subcontractor for Erection of Buildings Completes Work After Contractor Defaults—Allegation That the Owner Authorized the Subcontractor to Continue Disputed—Jury Verdict For Plaintiff Sustained.**

On appeal from the Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellants, *Gaetano M. Belfatto.*

For the appellee *Vanderbilt & Hedden.*

PER CURIAM.

The defendant Cologera Zinno made a contract with defendant Di Chaira for the erection of a building in East Orange. As general contractor the latter subcontracted the plumbing work to the plaintiff at the contract price of $2,300. Before the building was completed defendant Di Chaira defaulted on his contract, and the plaintiff thereupon stopped work on the plumbing. His case against the defendant Zinno was based upon the allegation that after he had stopped work, Zinno came to him and told him that if he would complete the plumbing, he (Zinno) would pay him for doing so, the balance of the price agreed upon between plaintiff and Di Chaira, namely, $1,700, and that on the faith of that promise he completed the work. The defense was that no such promise was made, and that situation obviously presented a question of fact. The trial court left it to the jury to determine whether there was such an independent and original promise, or whether the promise was to pay Di Chaira's debt in case the latter failed to do so. The jury upon that issue found for the plaintiff. The only matter argued is the effect of the statute of frauds upon this contract, and whether as a matter of law the statute is applicable, the contention being that in effect it was a promise to pay the debt of another. But, manifestly, the effect of the verdict is that the work was performed upon the strength of an independent and original promise, upon which the defendant Zinno, under the well-settled rule of law, is liable. *Hetfield* v. *Dow,* 27 *N. J. L.* 440.

The result is that the judgment will be affirmed.