FEDERAL WINE AND LIQUOR COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JABBER-WOCK COUNTRY CLUB, A CORPORATION OF THE STATE OF NEW JERSEY, AND JACOB BOON, DEFEND-ANTS-RESPONDENTS.

Submitted February 11, 1938—Decided May 24, 1938.

For the appellant, *William H. Kennedy* (*Thomas S. Murphy,* of counsel).

For the respondents, *William B. Kasen.*

The opinion of the court was delivered by

PERSKIE, J.   The question for decision in this cause is whether defendants' oral undertakings fall within the ban of our statute of frauds (*Rev. Stat.* 25:1-5; *2 Comp. Stat.* 1709-1910, *p.* 2612, § 5) because they are promises to answer for the debt of another.

The complaint, sounding in contract, contains two counts. The first count charges that plaintiff and defendant Boon entered into a verbal agreement by the terms of which plaintiff agreed to sell and deliver liquor to The Jabberwock Club, and defendant Boon agreed to pay for the liquor so sold and delivered; that liquor was sold and delivered by plaintiff to The Jabberwock Club; and that defendant Boon has failed to pay for the same.

The second count repeats all the allegations of the first count. It additionally charges that on or about June 17th, 1937, the Jabberwock Country Club (the other defendant in this cause) took over the business formerly carried on by The Jabberwock Club, and agreed with plaintiff to pay Boon's indebtedness provided plaintiff would sell and deliver liquor to the new corporation; that liquor was sold and delivered to the new corporation, and that the Jabberwock Country Club refuses to pay Boon's indebtedness to plaintiff.

Counsel for plaintiff repeated, in substance, the allegations of both counts in his opening address to the jury. At the conclusion thereof, the learned trial judge, on motion of defendants' counsel, ordered a nonsuit as to both counts upon the ground that the oral undertakings were collateral; they were promises to answer for the debt of another, and, therefore, unenforceable under our statute of frauds, *supra*. Hence this appeal.

*First: As to the first count.* It is well settled that where the oral promise upon which suit is brought is an original one, and not merely a collateral undertaking, it need not be in writing. *Hetfield* v. *Dow,* 27 *N. J. L.* 440; *Fitzgerald Spear Co.* v. *Kelly,* 81 *Id.* 6; 83 *Atl. Rep.* 491; *affirmed,* 83 *N. J. L.* 626; 85 *Atl. Rep.* 1134; *Schaefer* v. *Brunswick Laundry, Inc.,* 116 *N. J. L.* 268; 183 *Atl. Rep.* 175. The determinative test is to whom was credit in fact given. *Hazeltine* v. *Wilson,* 55 *N. J. L.* 250; 26 *Atl. Rep.* 79; *Herendeen Manufacturing Co.* v. *Moore,* 66 *N. J. L.* 74; 48 *Atl. Rep.* 525; *Mulholland* v. *Jones,* 83 *N. J. L.* 604; 83 *Atl. Rep.* 875. If there is proof in support of the allegations

in the complaint and in counsel's opening that the sale was made on the strength of Boon's credit the jury might well find that the promise was an original one. Thus, under the circumstances exhibited, the question as to whether Boon's undertaking was original or collateral was factual, and required submission to the jury. *Mulholland* v. *Jones, supra* (at *p.* 606); *Paul & Hoffman* v. *Haber,* 88 *N. J. L.* 379; 96 *Atl. Rep.* 41; *Farinella* v. *Di'Chaira,* 100 *N. J. L.* 397; 126 *Atl. Rep.* 329.

*Second: As to the second count.* Upon the meager record submitted, we are not willing to determine the validity of any judgment, upon this count, in advance of the proofs. And since this cause is to be re-tried, and counsel may conclude again to proceed on this count (this is not to be understood as an intimation of the course to be or not to be followed), we have determined that it would perhaps be advisable to make a few observations in reference thereto.

It is argued, *in limine,* that respective counsel agreed that both defendants (Boon and Jabberwock Country Club) were, by virtue of their respective undertakings, placed in the same legal status. And it is further argued that counsel for plaintiff in fact agreed that the disposition of the first count was controlling as to the second count. What actually took place appears to be that, after the court granted the motion of non-suit on the first count, and after a like motion was made as to the second count, counsel for the plaintiff did say: "If the first one [count] fails the second does." The court granted the motion. Exception was taken and allowed. Obviously, the statement made by counsel must necessarily be considered in light of the premise upon which the court based its ruling on the first count. But since we held that ruling to be erroneous, the concession by counsel clearly lacks the efficacy claimed for it. For if, as the trial court concluded, Boon owed nothing to the plaintiff then the alleged undertaking by the Jabberwock Country Club was nothing other than the assumption of a non-existent debt. From such a determination, of course, followed the accuracy of counsel's admission that no liability could be imposed upon this defendant.

But from the allegations in the complaint, and the little said in counsel's opening in reference thereto, it is quite clear that this count does not stand upon the same legal basis as the first count. Here there is the alleged existence and assumption of a past indebtedness of another and not, as in the first count, the alleged extension of credit to the person who in fact incurred the obligation to pay for the goods sold and delivered. Thus in order to bind the Jabberwock Country Club, proof of a new consideration is necessary.

"* * * where the promise to pay the debt of another is founded upon a *new consideration,* and this consideration passed between the parties to the promise, and gives the promisor a benefit which he did not enjoy before, and would not have possessed but for the promise, then it will be regarded as an original promise, and therefore will be enforced, though not in writing. *. * *." *Mulholland* v. *Jones, supra* (at *p.* 607); *Kutzmeyer* v. *Ennis,* 27 *N. J. L.* 371 (at *p.* 376).

The right of the respective parties are to be tested, tried and determined consistently with this opinion.

Judgment is reversed; a *venire de novo* is awarded. Costs are to abide the event.

*For affirmance*—TRENCHARD, BODINE, WELLS, WOLFSKEIL, RAFFERTY, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WALKER, JJ. 10.